IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PETER J. BARBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0263-WS-B |
| | ) |
| BP, PLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter comes before the Court on plaintiff's Notice of Voluntary Dismissal (doc. 68), the Motion of Defendant Anadarko Petroleum Corporation to Stay Proceedings (doc. 74), and the Motion of Defendant Cameron International Corporation for Further Extension of Time (doc. 75).

Plaintiff's Notice of Voluntary Dismissal reflects his desire to dismiss, without prejudice, all claims asserted in this action against defendant Mitsui Oil Exploration Co., Ltd. The Federal Rules of Civil Procedure provide that, as a general proposition, "the plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i).[1] The court file confirms that defendant Mitsui Oil Exploration Co., Ltd. has not served an answer or motion for summary judgment in this action. Accordingly, Barber's filing is sufficient to dismiss his claims against that defendant pursuant to Rule 41(a)(1)(A)(i) without court authorization or approval. *See generally Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("As the notice of dismissal was filed before the United States had served its answer or motion for summary

---

[1] To be sure, Rule 41(a) recites certain exceptions to that general rule; however, none of those exceptions apply here. For example, while the Rule 41(a) right to voluntary dismissal is subject to limitations in the class action context pursuant to Rule 23(e), and this action was nominally styled as a class action at its inception, no class has been certified in this action to date; therefore, Rule 23(e) is inapplicable on its face.

judgment, Qureshi's notice was … immediately self-effectuating. … [I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself."). Plaintiff's claims against defendant Mitsui Oil Exploration Co., Ltd. are **dismissed without prejudice**, and the Clerk's Office is **directed** to terminate Mitsui Oil Exploration Co., Ltd. as a party defendant on the docket sheet.[2]

Next, the Court considers defendant Anadarko Petroleum Corporation's Motion to Stay Proceedings. On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. The effect of this Transfer Order is to transfer 77 Deepwater Horizon-related actions to the U.S. District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings. The Transfer Order does not expressly reach this case, much less effectuate its transfer to the Eastern District of Louisiana, inasmuch as this action postdates the original motions for transfer and consolidation filed in other Deepwater Horizon cases. Nonetheless, Anadarko requests a stay of this action based on the Transfer Order because (i) it is a tagalong action, (ii) the MDL Panel has been notified of its existence, (iii) it is nearly identical to the cases already transferred, and (iv) the transferee court has indicated in MDL No. 2179 that, as to that action, "[e]ach defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court." (Doc. 74, Exh. B, ¶ 8.)

Based on the foregoing, the Court agrees with Anadarko that transfer of this action to MDL No. 2179 in the near future appears highly likely. In light of that fact, and because the

---

[2] The application of Rule 41(a)(1)(A)(i) is proper here as to defendant Mitsui, irrespective of whether any other defendants have or have not filed answers or motions for summary judgment. *See, e.g., Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (determining that "Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment" even if other defendants have done so); *Madsen v. Park City*, 6 F. Supp.2d 938, 943 (N.D. Ill. 1998) ("In a multiple defendant case, it is permissible to voluntarily dismiss just some of the defendants … and the fact that some of the defendants have already answered does not preclude invoking this rule as to other defendants."); *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200 (S.D. Fla. 1987) ("Under the rules governing dismissal by notice under Fed.R.Civ.P. 41 …, dismissal against such of defendants as have not served an answer or motion for summary judgment is permitted even though the case might remain pending against other defendants.").

transferee court has expressly stayed all deadlines for answers or Rule 12(b) motion practice in the consolidated proceedings, the Court finds that the interests of justice would be served by entry of a stay in this case until such time as the MDL Panel rules on the transfer issue. Accordingly, Anadarko's Motion to Stay Proceedings (doc. 74) is **granted**, and this action is **stayed** pending a decision from the MDL Panel as to whether this case will be transferred to the Eastern District of Louisiana.

In light of the stay, defendant Cameron's Motion for Further Extension of Time (doc. 75) is **moot**.

DONE and ORDERED this 16th day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE